The next matter, number 22-1729, Jose Ruben Camacho et al. versus Luisa Estrella Claverol-Siaca. At this time, would counsel for the appellant please introduce himself on the record to begin? Good morning, your honors. On behalf of the record, Counselor Victor and Figueroa Rios, on behalf of the appellant, Luisa Estrella Claverol-Siaca, we request to reserve at least three minutes for rebuttal. You have two minutes for rebuttal. And before you begin, let me just start closing. I think this is the crux of this. How do you have standing to appeal partial default entered against another co-defendant? Let's get that started. Answer that up to the point. Well, and in answering that, did you rule for an admission to appeal following the issues that have been adjudicated? So we understand that, in our case, partial default judgment is the final action. Default judgment is an action that could be appealed. And I believe we have a case law. But it's not only against one of the other defendants and their bosses. It's not final against all of them. All people are supposed to appeal. Well, the problem is that it's final, but it's a joint liability decision that affects our client, which is the appellant, because it's resigning a contract that she is a part of. It's a property that, and to have a more background of the case, the complaint was filed against the default co-dependent and the appellant. And it's trying to rescind a contract that was entered between both of them, where he transferred property to her. And he transferred property to her. The appellees are alleging that that's a fraud, that that's the only asset he had, or that they could only collect money from that only property. And then when we were served, we filed an answer and a third-party complaint, where we alleged that the siblings of the default co-defendant are concealing assets. And if anything needs to be collected before they go to our property to rescind the contract, they need to go towards those private assets. So let me make sure I understand. So the problem is that even were she to win by proving that the heirs are concealing the assets, she would lose because the rescission of the contract for her to have this house has already been rescinded. So whatever happens in the rest of this litigation doesn't matter, because the default judgment already was entered. And that's why we're citing the Supreme Court case of Pro de la Vega. And in that case, it says, without judgment, hearing has not all parties. Can execution issue on this one judgment? That's right. If she, if the plaintiff, excuse me, the applicant wanted to continue without partial judgment, they probably could. Usually, based on the Federal Rules of Civil Procedures, there could be an entry of default, which occurred here. And we're not objecting to that. But usually, there's an evidentiary hearing, perhaps, to obtain the default judgment. We understand that the most proper way to resolve this case is before you enter that default judgment, you should hold a trial. You should hold an evidentiary hearing to submit all the evidence to the fact finder, be it the judge or the jury. But the question is, is it final for appellate purposes? Or do you need to file a 54-P motion, since all of the issues have not been adjudicated before the district court, regarding all of the claims and all of the parties? Well, we filed a motion for reconsideration. That we did. It's not a 54-P. But a motion for reconsideration. It's a 46-specific permission to appeal a judgment that is not complete as to all of the issues before the court. Well, we filed a motion for reconsideration. We asked the judge to reconsider its default judgment. We used the same case approval that I made. And isn't that pending now, that reconsideration motion? Well, the issue is, we filed the motion for reconsideration timely, within the 28 days. Then afterwards, we filed a notice of appeal. Obviously, to answer my question, has the judge in the district court adjudicated the motion? We understand that the judge did. Because if you check the appendix number 23, which is the docket report, on docket number 180, the court issued an order stating the case and basically deferring to the appeals. Right. Which means he may have understood that at the moment you appealed, he's been divested of jurisdiction. And therefore, it didn't ruin a motion to reconsider. Implicitly, he's denying a motion to reconsider. He's taking it off his lap. His state has not implicitly denied the court has no jurisdiction to enter an order. Well, the motion for reconsideration has been pending since September 15 of 2022. Presently, it has not been resolved. We understand that the court, when he stayed, that your appeal doesn't ripen from the denial for you to make a partial judgment. Once you file a motion to reconsider, we don't have anything before us. Because until that motion to reconsider is resolved, you can't appeal. The motion for reconsideration will not be resolved until this appeal makes a motion to resolve. Maybe you need to draw that. And so because you undid, assuming you had a final judgment, assuming, which is the question you asked before, once you file a motion to reconsider, you'd mess that up. And that's still sitting there unresolved. So now, we don't have a move to reconsider the thing from which you're appealing. Not necessarily a law. Not necessarily, Your Honor. A motion for reconsideration may be filed. And the rules of civil procedure and appellate procedures allow that an appeal be filed. And the parties are allowed to file status reports to indicate to this court when there's an order issued to resolve that motion. The Supreme Court case, it says that is not so. When you file a motion to reconsider, called a bar, when you file a motion to reconsider, that means that that judgment that would have otherwise been final is no longer final. The theory being, we don't want appeals when the judge is going to undo it. So when you throw the ball in the air and ask the judge to undo it, you have to wait for the judge to undo it. And you didn't do that. You had to file a new motion to reconsider, which you haven't withdrawn. And so that remains there. So I'm not sure we have, putting aside the other part of the question, I'm not even sure we have any appellate jurisdiction while your reconsideration motion is pending. Respectfully, Your Honor, I understand that this Court of Appeals can make a decision if it's an issue that could be resolved if it's a, excuse me, if it's an issue that is, excuse me, where there's a miscarriage of justice, which basically, we understand that. A final judgment is the fundamental thing that gives a Court of Appeals jurisdiction. We can't just say, well, we feel like fixing this. There might be an error here. I understand your underlying legal problem. But you haven't perfected it, or you unperfected it, I think. And I think you could fix it, but you haven't. And so here we are. Oh, Your Honor, I believe that when the court issued that order to stay in the case, he's staying in the case. He's not going to resolve the motion for reconsideration. And he specifically said, but this case is going to stay here until the appeal is attended by the U.S. Court of Persecution. OK, but Judge Garcia-Grevy did that. But he could have said, I'm denying the motion. Simply deny it. That's it. Then you'd be here, arguing on it. Judge Garcia-Grevy, at present time, has not resolved that motion. What was the basis of that motion? The basis of that motion, and that's one of the arguments that the appealees were raising, that we waived arguments. Basically, that motion, we submitted to the district court that they could not issue that default judgment, because that default judgment could result in inconsistent judgments with regards to the other parties that are participating and actively litigating these issues. So that's the underlying argument of this appeal. So you told Judge Grevy, please fix this. And then before you let him fix it, if he's going to, you decided to go off to the Court of Appeals. And the idea of your filing the motion to reconsider is to give Judge Garcia-Grevy the chance to fix it before you come here. To preserve matters in the district court before we go to the appeals, yes. You preserved it by filing the original asked question, attempting to lift the default judgment. He didn't do that. Then you said, please reconsider. We think you got it wrong, Judge Garcia-Grevy. But you didn't let him have a chance to decide that. And now you're here. Well, we filed the motion, and we're waiting his opinion. But he has not resolved the same. We understand that he stayed the case. He said that he filed the appeal before the Court of Appeals. He's staying the case and not resolving the motion. OK. Thank you. You've got two minutes for a vote as well. Ms. Becker? Counsel, please introduce yourself on the record to begin. May I please please the court. Chair Dr. Whittaker, in representation of Jose Ruben Camacho, Mariana Angela Camacho, and Viviana Conard. The court quite beautifully answered a practical question that I had while I was reviewing the briefs. Because there are cases that say that the notice of appeal is a practical counsel, because what would be of jurisdiction? It's not just a matter of practicality. It's a matter of when we have an authority to hear this. Exactly. But what I'm understanding from what the panel is saying is that if appellant were to withdraw the motion for reconsideration, then this court could actually enter an order as deciding whether the appeal itself is valid or not. But if the motion for reconsideration was withdrawn, counsel would never be able to argue why it wasn't required to file a 50-quarter motion. Right. Can you address that? I'm sorry? Can you address that? If counsel were to withdraw the motion. It still leaves the fact that you didn't rule under Rule 50-4B for permission to appeal, because the litigation hasn't been resolved as to all of the parties and all of the claims. And usually, you can't piecemeal appeals like that when the court hasn't resolved all of the claims before it. Exactly. And that's what I understand the case law that are discussed in the briefs. What Crowell and Henry, the uranium antitrust cases, talk about is that there's default entered for one of a number of parties. The other parties, no one has the right to appeal. Second is the. So what's left to be done? I mean, the default judgment was entered. The state court judgment has been recognized. This court has some kind of attempt to undo the rescission by proving that the siblings are hiding assets. But that would help in light of the default judgment entered. So what is left? I don't understand. What is left to litigate? OK. Well, what happened was that Calamaro's ex-husband, Rivera Sierra, who the default was entered against, he transferred his part of the marital property to her. So she already owned the other half of the marital property. But in the complaint, we allege that she did not actually have the rights to that marital property because after they divorced, she possessed the house and possessed it rent-free for 20-some years. And therefore, she had an obligation to pay him back for the value of the rent. And therefore, he actually, what we intend to prove at trial is that she has no interest in the property. The entire property belongs to her ex-husband, against whom we have the judgment. And therefore, we should be able to execute the judgment against her ex-husband. And is that different than rescinding the transfer? Is that not affectionate? If that judgment went into force and a final judgment were entered right now, based on the default judgment, have you gotten everything you want? No, because what we would, the judgment against him is for transferring his half of the marital property and not her half. So there still has to be a trial as to whether, in fact, we're right on the issue of whether she has that debt to her ex-husband. Do you agree that the time to appeal doesn't begin to run until all of the claims are adjudicated? Exactly, yes. President, which is the reason why you need to file a 54B, in order to get permission to carve out part of a claim to appeal? Exactly, and that's what we should have done. We did file a motion to dismiss, but the court wanted to hear the appeal as such. I think the court said leave it up to the panel, right? I'm sorry? Did the court say leave that up to the panel? Yeah. Yeah, or the panel, as we're trying to figure it out. Yeah, OK. The other question I have is, if my law firm indicates to me that, I don't know how to pronounce his name, Sacascio is incompetent, the one against whom the default was entered was declared incompetent at some point, is that correct? Well, the problem is, when the case was being seen in the local court, the local court judge informed attorney counsel that there were pleadings filed by Mr. Rueda-Sacascio, from which he concluded that Mr. Rueda-Sacascio was incompetent. There's never been a determination that adds to his competence. Well, in order to get a default judgment, I mean, maybe this is something different under the civil code. Don't you have to file an affidavit that says the party against whom you're seeking a default is competent? Yes, he was served by a regular process server. It wasn't that there was service by public agent. The party seeking default has to file the affidavit attesting to the fact that the parties against whom a default is being sought is competent. Or is that not a requirement under Puerto Rico's civil code? I cannot tell you whether the, I mean, I don't remember the exact contents of the motion for default. I know the motion for default has to say that the facts in the complaint are accurate. But the presumption under the civil code is that every party is competent. And I remember specifically because the judge in the civil court, in the local court, said that was contrary to his experience in the court. But the presumption among the number of presumptions that are listed specifically in the civil code, presumptions like the person who has possession of a property owns it, there is a presumption that every person is competent until that has been disproved. Counsel, let me also ask if we were to lose this misdemeanor for lack of a constitutional plaintiff, there's no harm to the plaintiff. He can move to Judge Garcia-Gregory for relief in that reconsideration motion. He can ask for further relief. And again, there's a myriad of things that he can do at the different levels. It doesn't mean that the case is final, correct? Right, I mean, he has moved for reconsideration as to that. And then Judge Garcia-Gregory can make his determination. But he's not prejudiced because the time for appeal, for him appealing, hasn't started yet because all of the claims haven't been adjudicated. So if the district court sticks with its ruling, he can appeal when the claims of all the parties have been fully litigated. Exactly, when there's a final judgment as to all parties. Why do you want this default judgment as a matter of affinity on the scope of what we can do here? But what I hear them saying is they have this argument to undo the rescission if the heirs of the siblings are hiding assets. And that strikes me as something that is something that she could argue to try to retrain her part of the house. And if there's a default judgment, seems like since it's already been ordered rescinded, she can't make that argument. So when this eventually becomes a real appeal, you'd be not in a good spot. So it strikes me what you would want is a default so that Siaka can't participate and present evidence. You might want that. But the default judgment seems to be working a potential legal problem in this case, that when you do what Judge Thompson says you need to do, which is eventually get back here, you'll have a problem. So why do you want to fix that now? Lettermaker arguments win. So when you have an appeal, you might not have to go back and do this again. Well, believe me, the last thing I want to do is do this again. I appreciate that. But as I was saying, the rescission of the transfer is only up to half of the marital property. As for the ability to find out whether the owners have an argument about that, right? She wants to make an argument about that to preserve that half of the house. And she says, I don't want his transfer of half of the house to be rescinded. And one of the arguments she could make is, Judge, you shouldn't rescind it, because those people over there are hiding his assets. And it's like, I understood Puerto Rico law. That could be right, if she could prove it. And she won't get a chance, because this default judgment has already rescinded his transfer to her that she's trying to protect. That's incorrect. Why is that? Because when there's a trial in this case, there will be a trial as to the issues that we want to raise as to the fact that, in fact, the entire house belongs to Rivera-Siafra. And there will be a trial as to Appellant's third-party claim against the other heirs. It's all going to be seen at the same time. And if he finds money from the other heirs, God bless. We'll take that money. But there's already a judgment that the house, that the transfer of the house is rescinded. Right, that 50%. But we can't execute on the house itself until there's a determination as to whether there's the, as to whether Appellant owns any of it. Let me go ahead and run out of the way with Judge Avery and try to get at, if we dispense with the procedural problems here as to whether this appeal has been perfected, it still seems to me that you're left with the problem that comes back before us, that a default judgment was improperly entered, perhaps, because the court didn't have a hearing to determine the merits of what that judgment should look like. So what Judge Avery is saying is, do you folks want to dispense with all of this stuff before us, get the case back in the correct posture, and perhaps pick it up and have the kind of hearing that both sides seem to be looking for, which is a trial on the merits without the distraction of the default judgment having been entered? Not the default, because fairly pleading is the clear reason for default, but it's the default judgment that seems to be improper. Yeah, I understand what you're saying, Your Honor. But the point is that after the court entered default, it requested that plaintiffs file a draft default judgment, which we did. And appellant did not object to it. That's all fine. The question is, I only tell you right now, I don't think we have jurisdiction. So the question I think we're trying to say to you is, you could put this case in a logical posture to resolve this decades-old, it seems like, litigation and get it done once and right, instead of this piecemeal approach. And maybe the parties should discuss the way to put it on track for a trial, for one shot, where legally everything has been done right. Because to me, and you said it, the worst thing is to come back here with that default judgment that wasn't right in a trial, and then say, sorry, you've got to do it all again. You might have a chance to go back and figure that out, and maybe you shouldn't. Because what you're saying is, if it comes back in the same posture, and just based upon what you said, right, they didn't object, then we're getting in the way, right? Right. I mean, I don't want this to be representing my original client's grandchild. Right. Another possible suggestion, and both sides are amenable, is whether you go to mediation. I was just going to suggest that, because you have the benefit of the cases before us. So it would go before the first circuit mediator, and if he's able to resolve everything. So I don't know what position, and I'll ask you that as well, once the vote will turn, is we are amenable to mediation. We might resolve everything. Well, we did. There were three or four mediation sessions, and we thought that we were close, but it didn't happen. That was before the magistrate. Before Judge Cordero. OK.  So the case attended before. OK. Yeah. Yeah. And there were actually sessions before the magistrate judge as well, Your Honor. But hey, I've been to 10 mediation sessions, and sometimes you get it done. Is that the first circuit mediator? Yeah, Judge Cordero, he's retired at the moment. It's Judge King from the vote. OK. Well, you seem to be sort of amenable. What about from the counsel? Yeah. From my part and principle, I am amenable for mediation. However, to be really honest, both parties are a part of it. And it can be hard sometimes. You may not resolve the whole thing, but you don't seem to be talking procedurally about what's actually happening in your case. And that's, I think, what we've tried to do. And you're not, it strikes me, you're not in the position to have a clean trial. I think you brought something here that I don't think has jurisdiction right now. And then you brought a thing here that, if it did come back with jurisdiction, I think there are real problems. And I think that's in none of your interest. Even if you can't resolve the case, you might resolve your procedural posture to have one trial and do it right. Mr. Strayhorn, please. OK, so you have your two minutes. Thank you, Mr. Becker. You have your remaining time for a vote. OK. Just before we start, let me just, as Ms. Becker mentioned, she doesn't want to be representing her client's grandchildren. You don't want to be handling this case when the kids are in college. So that's just a suggestion we have. So you have two minutes. The record, Counselor Becker, you had ideas, a little bit of a history. This case originally was being litigated by my father. And he just passed it down to me. So I'm going to be one of your two children. So with regards to the question of mediation, I, in principle, me as counselor and attorney, or based on rule one, we're having an economic procedure. I have no problem. We can withdraw the partial default judgment. We can basically go to the trial. I have no problem as far as as long as that partial default judgment is withdrawn. That's my part. The thing is that we need to talk between us. Because when there was a moment during this appellate process, we filed a motion to remand and a motion to remand to go back. And in that moment, I did speak with her. And I said, I'm willing to go back to district court if you let go or dismiss that partial judgment. But at that time, she wasn't in agreement. If she reconsiders, I have no problem with that. Or a mediator can bring you together. Yes, and? On your motion for reconsideration, you could ask the district court for an indicative ruling. But it still doesn't get you beyond the 54B problem. Well, I'd like to stress that in the motion for reconsideration, we did make, in that motion, an argument under Rule 55C to set aside the default judgment. That's still pending. That's still pending. That's still pending. And with permission, I would like to file a letter, a Rule 28A letter of supplemental authorities with regards to the question about whether the appeal has jurisdiction or not. I believe there's a case that I was just looking at right now while sister counsel was arguing, Boyle-Thornes v. Nagle-Francis, which says that the appeal can't divest the district court from jurisdiction. Also, I would like to, in that supplemental authorities, bring in another case, which is Grenier v. Sinai, mid-plastic, 70F3-667, which talks about issues that are not waived so long as a motion for reconsideration is filed. I believe that the default judgment should be set aside. And that it should be reversed, because it affects the rights of my client. And my client needs to have a consistent judgment. That default judgment can affect a jury trial. Because if there's a jury trial, and they see a default judgment, then they will be inclined to rescind that contract. Technically, if the jury doesn't see the default judgment. But there could be instructions that might be good in regards to that. But not for Nagle-Francis. Yeah, yeah, I know. But I didn't limit it to file or not file. But out of a lot of caution, I believe that the orders for default judgment, sure, there could be an entry default. But before the default judgment, there should be an evidence hearing where all the parties are due process compliant. They're given due process to present all the evidence and facts of the case. And then eventually, we get to the final judgment. OK. Thank you. Thank you very much. Orders adjourned.